Teresa H. Dooley, Esq.
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, New York  10006
*Attorneys For Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABBAS SHAH and ADAM BAUMAN,<br><br>                            Plaintiffs,<br><br>    -against-<br><br>FLAT RATE MOVERS LTD., FLAT RATE ELITE SERVICES, INC. and ELITE MOVING, LLC<br><br>                         Defendants. | Civil Action No.:  1:20-cv-01204-LGS<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Flat Rate Movers, Ltd., Flat Rate Elite Services, Inc., and Elite Moving, LLC (collectively "Flat Rate"), by and through their attorneys, Hill Rivkins LLP, hereby answer the First Amended Complaint of Plaintiffs, Adam Bauman and Abbas Shah (collectively "Plaintiffs"), upon information and belief, as follows:

## NATURE OF THE CASE

1.      Paragraph 1 of the First Amended Complaint does not assert factual allegations to which a response is required. However, in the event the Court deems that a response is required, Flat Rate admit that Plaintiffs have withdrawn their first cause of action (breach of contract), second cause of action (negligence) and third cause of action (violation of New York's Unfair Trade Practices Act) and have amended their complaint to assert a Carmack Amendment claim and a civil RICO class action claim.

2.      Flat Rate defer all questions of law to the Court. To the extent a response is required, Flat Rate admit that Plaintiffs have brought this action against Flat Rate and that Plaintiff Abbas

Shah engaged Defendant Elite Moving, LLC to transport certain personal property between New York and New Jersey, but otherwise deny the allegations contained in Paragraph 2 of the First Amended Complaint.

3.      Flat Rate defer all questions of law to the Court. To the extent a response is required, Flat Rate admit that Plaintiffs have brought this action against Flat Rate, but otherwise deny the allegations contained in Paragraph 3 of the First Amended Complaint.

## PARTIES

4.      Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the First Amended Complaint.

5.      Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate admit that Defendant Flat Rate Movers, Ltd. is a New York corporation with a principal place of business in Bronx County, New York, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the First Amended Complaint.

6.      Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate admit that Defendant Flat Rate Elite Services, Inc. is a New York corporation with a principal place of business in Bronx County, New York, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the First Amended Complaint.

7.      Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate admit that Defendant Elite Moving, LLC is a Delaware limited liability company with a principal place of business in Bronx, New York, but otherwise deny knowledge

or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the First Amended Complaint.

**COUNT 1**

**THE CARMACK AMENDMENT CLAIM / 49 U.S.C. §14706**

**Plaintiffs' high value items and purchase of FlatRate's "Elite" moving services –
THE MOVE OUT FROM APARTMENT TO FLATRATE STORAGE**

8.      Flat Rate defer all questions of law to the Court. To the extent a further response is required, the website speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the First Amended Complaint.

9.      Flat Rate admit that in or about September 2018, Plaintiff Abbas Shah requested that certain personal property be transported from New York, NY to a storage facility located at 99 Evergreen Ave, Newark, NJ 07114, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the First Amended Complaint.

10.     Flat Rate admit that on or about September 21, 2018, Laurence Yates for Defendant Elite Moving, LLC conducted an on-site inspection at 205 East 92nd Street, Apt. No. 37A, New York, NY 10128 to prepare an estimate for the cost to transport certain personal property for Plaintiff Abbas Shah, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the First Amended Complaint.

11.     Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate admit that the reference number assigned for the move of certain personal property for Plaintiff Abbas Shah, scheduled for September 29, 2018, was 957702, but otherwise

3

deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the First Amended Complaint.

12.     Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny the allegations in Paragraph 12 of the First Amended Complaint.

13.     Flat Rate admit that on September 29, 2018, Elite Moving arrived at 205 East 92nd Street, Apt. No. 37A, New York, NY 10128 to transport certain personal property for Plaintiff Abbas Shah, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the First Amended Complaint.

14.     Flat Rate admit that on or about September 29, 2018, Defendant Elite Moving, LLC accepted and then transported certain personal property from 205 East 92nd Street, Apt. No. 37A, New York, NY 10128 to a storage facility located at 99 Evergreen Ave, Newark, NJ 07114 for Plaintiff Abbas Shah, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the First Amended Complaint.

15.     Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate admit payment was made by or on behalf of Plaintiff Abbas Shah in the amount of $4,780 for the services provided for or on his behalf, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Complaint.

16.     Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint.

**Plaintiffs high value items and purchase of FlatRate's "Elite" moving services –**
**THE MOVE IN FROM FLATRATE STORAGE TO NEW APARTMENT**

17.     Flat Rate admit that certain personal property remained at 99 Evergreen Ave, Newark, NJ 07114 from on or about September 29, 2018 to on or about July 5, 2019, but otherwise

4

deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the First Amended Complaint.

18.　　Flat Rate admit that Defendant Elite Moving, LLC was contacted to transport certain personal property from the storage facility located at 99 Evergreen Ave, Newark, NJ 07114 to 165 Charles Street, Apt. No. 20, New York NY 10014, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the First Amended Complaint.

19.　　Exhibit 1 is a document that speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the First Amended Complaint.

20.　　Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the First Amended Complaint.

21.　　Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the First Amended Complaint.

22.　　Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the First Amended Complaint.

23.　　Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the First Amended Complaint.

24.　　Exhibit 2 is a document that speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Paragraph 24 of the First Amended Complaint.

25.     Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the First Amended Complaint.

26.     Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the First Amended Complaint.

27.     Exhibit 3 is a document that speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the First Amended Complaint.

28.     Exhibit 4 is a document that speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the First Amended Complaint.

29.     Flat Rate admit that on July 5, 2019, Defendant Elite Moving, LLC arrived at 165 Charles Street, Apt. No. 20, New York NY 10014 to deliver certain personal property, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the First Amended Complaint.

30.     Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the First Amended Complaint.

31.     Exhibit 5 is a document that speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Paragraph 31 of the First Amended Complaint.

32.      Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the First Amended Complaint.

33.      Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the First Amended Complaint.

34.      Exhibit 6 is a document that speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the First Amended Complaint.

35.      Exhibit 7 is a document that speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the First Amended Complaint.

36.      Exhibit 8 is a document that speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the First Amended Complaint.

37.      Flat Rate deny the allegations contained in Paragraph 37 of the First Amended Complaint.

38.      Flat Rate deny the allegations contained in Paragraph 38 of the First Amended Complaint.

39.     Exhibit 9 is a document that speak for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the First Amended Complaint.

40.     Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the First Amended Complaint.

41.     Flat Rate admit that a check was presented for $1,000 to Plaintiff Abbas Shah as a full and final settlement of the disputed claim # 958880, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the First Amended Complaint.

42.     Flat Rate deny the allegations contained in Paragraph 42 of the First Amended Complaint.

43.     Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the First Amended Complaint.

WHEREFORE, Defendants Flat Rate, demand judgment dismissing the First Amended Complaint, together with costs, disbursements, legal fees and such other and further relief as this Court deems just and proper.

## CIVIL RICO CAUSE OF ACTION
## CLASS ACTION COMPLAINT

### CLASS ACTION ALLEGATIONS

44.     Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny the allegations contained in Paragraph 44 of the First Amended Complaint.

45.     Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the First Amended Complaint.

46.     Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny the allegations or characterizations contained in Paragraph 46 of the First Amended Complaint.

47.     Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny the allegations contained in Paragraph 47 of the First Amended Complaint.

48.     Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny the allegations contained in Paragraph 48 of the First Amended Complaint.

49.     Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny the allegations contained in Paragraph 49 of the First Amended Complaint.

## LEGAL BASIS FOR RELIEF – CIVIL RICO CLASS ACTION

(Defendants Flat Rate Movers, Elite Services, and Elite Moving: Civil RICO, 18 U.S.C. Sec. 1962(c), 1964 et al.)

50.     Flat Rate repeat and re-allege each and every response to the allegations contained in Paragraphs 1 through 49 of the First Amended Complaint as if set forth at length herein.

51.     Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the First Amended Complaint.

52.     Flat Rate deny the allegations contained in Paragraph 52 of the First Amended Complaint.

53.     Flat Rate deny the allegations contained in Paragraph 53 of the First Amended Complaint.

54.     Flat Rate deny the allegations contained in Paragraph 54 of the First Amended Complaint.

55.     Flat Rate deny the allegations contained in Paragraph 55 of the First Amended Complaint.

56.     Exhibit A is a document that speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny the allegations contained in Paragraph 56 of the First Amended Complaint.

57.     Exhibit B is a document that speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny the allegations contained in Paragraph 57 of the First Amended Complaint.

58.     Flat Rate deny the allegations contained in Paragraph 58 of the First Amended Complaint.

59.     Flat Rate defer all questions of law to the Court, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the First Amended Complaint.

WHEREFORE, Defendants Flat Rate, demand judgment dismissing the First Amended Complaint, together with costs, disbursements, legal fees and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Subject to the foregoing denials of liability for the loss and damage alleged by Plaintiffs, and without assuming any burdens of proof, persuasion, or production not otherwise legally assigned to Flat Rate as to any element of Plaintiffs' claims, Flat Rate assert the following affirmative and other defenses:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

60.     Plaintiffs have failed to state a cause of action against Flat Rate upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

61.     Plaintiffs are barred from claiming or recovering any relief set forth in the First Amended Complaint to the extent that Plaintiffs failed to mitigate, minimize or avoid any damages it allegedly suffered. The failure to mitigate is a bar and/or limitation in whole or in part to Plaintiffs' claim, such that the total amount of damages to which plaintiffs are entitled must be barred or reduced.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

62.     Plaintiffs' claims are barred, in whole or in part, or limited by the terms and conditions of service agreed upon by the parties and/or the shipping and/or storage documents issued in connection with the goods in question, including but not limited to, any and all bills of lading, letters of instruction, contracts, move plans, warehouse receipts, manifests, delivery orders, tariffs, and invoices.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

63.     Any loss or damage allegedly suffered by Plaintiffs, which is specifically denied, was, in whole or in part, caused or exacerbated by the negligence, culpable conduct and/or fault of

Plaintiffs and/or other parties, and therefore, Plaintiffs' claim against Flat Rate is barred or diminished or reduced in the proportion to Plaintiffs' and/or other parties' negligence, culpable conduct and/or fault.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

64.     Flat Rate performed their contractual obligations, if any, and/or performed their work, if any, in accordance with the agreed upon specifications and/or instructions of Plaintiffs, and exercised reasonable care at all times during the performance of their obligations and/or work.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

65.     Plaintiffs claim damage to goods that Flat Rate did not have an opportunity to inspect and/or goods that were not listed on shipping and/or storage documents.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

66.     Plaintiffs have failed to present a claim and/or suit within the appropriate time limitations required by the applicable contract(s), warehouse receipts, bills of lading, tariffs, and classifications and the rules set forth therein and/or applicable statute or regulation.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

67.     Plaintiffs' claims are limited pursuant to the "Your Move Plan", and bills of lading, which limit Flat Rate's liability to 60 cents per pound per loss/damaged article.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

68.     In the event the Court determines any of the loss or damage as alleged by Plaintiffs actually occurred, such loss or damage was not caused by any act, error or omission on the part of Flat Rate or their agents.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

69.     Whatever goods that were received by Flat Rate were accepted in accordance with and subject to, *inter alia,* all the terms and conditions of Flat Rate's contracts, warehouse receipts, bills of lading, move plans, tariffs and classifications, and the rules set forth therein. Flat Rate duly performed the terms and conditions on their part to be performed, if any.  Flat Rate claim the benefit of all defenses accorded to them by those documents and by all other applicable contracts under which the goods were accepted.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

70.     To the extent that the Carmack Amendment to the Interstate Commerce Act / ICC Termination Act, 49 U.S.C. §14706, preempt any state-law or federal common-law claim for the cargo loss or damage asserted by Plaintiffs, those claim(s) must be dismissed.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

71.     Plaintiffs were aware of all decisions and assumed all risks associated with each decision alleged in the First Amended Complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

72.     To the extent Flat Rate performed any of the acts set forth in the First Amended Complaint, all such acts/conduct were authorized by and/or requested by Plaintiffs.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

73.     Plaintiffs' claims are limited pursuant to the bills of lading, which provide that:

> . . .the mover's liability for loss of or damage to any article valued in excess of $100 per pound will be limited to $100 per pound for each pound of such lost or damaged article(s) (based on actual article weight), not to exceed the declared value of the entire shipment, unless I have specifically identified such articles for which a claim for loss or damage may be made on the attached inventory.

13

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

74.     This Court is the improper venue for this dispute.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

75.     To the extent applicable, Flat Rate is entitled to all rights, defenses, limitations of liability, and immunities contained in any applicable convention, statute, regulation, or law, whether foreign or domestic, that may apply to the claims asserted in the First Amended Complaint, including but not limited to the Carmack Amendment to the Interstate Commerce Act / ICC Termination Act, 49 U.S.C. §14706.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

76.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

77.     The loss or damage alleged in the First Amended Complaint, if any, was caused by other persons or entities, whether or not a party, over whom Flat Rate had no control and for whose acts or omissions Flat Rate are not responsible or liable.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim is barred by reason of their own negligent, willful conduct, culpable conduct, acquiescence, recklessness, misrepresentation, consent, approval and ratification.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

78.     The loss or damage alleged in the First Amended Complaint, if any, resulted from a cause arising without the fault and privity of Flat Rate and without the fault or neglect of their agents or servants.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

79.     The loss or damage alleged in the First Amended Complaint, if any, was directly and proximately caused by intervening and superseding causes for which Flat Rate are not responsible or liable.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

80.     The loss or damage alleged in the First Amended Complaint, if any, was caused by an act or default of the shipper and/or the inherent vice or defective nature of the goods in question.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

81.     To the extent Plaintiffs seek the recovery of special or consequential damages, they are not recoverable under the terms and conditions of service agreed upon by the parties and/or the shipping and/or storage documents issued in connection with the goods in question, and/or under the controlling applicable law.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

82.     To the extent Flat Rate performed the services alleged in the First Amended Complaint, Flat Rate exercised reasonable care at all times in connection with the goods alleged in the First Amended Complaint. Flat Rate are not responsible for any loss or damage caused by any cause or event which could not be avoided and the consequence which could not be prevented by the exercise of reasonable diligence.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

83.     In the event that Plaintiffs have no, or had no, title to or interest in the goods that are the subject of this action, then Plaintiffs are not the real party in interest herein and are not entitled to maintain this suit.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

84.     No act or omission by Flat Rate caused the loss or damage alleged by Plaintiffs, which were otherwise not foreseeable.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

85.     The loss or damage alleged in the First Amended Complaint, if any, was caused by a pre-existing condition and/or other conditions beyond the control of Flat Rate and for which Flat Rate are not responsible or liable.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

86.     Plaintiffs cannot satisfy the required elements of New York's Unfair Trade Practices Act.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

87.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

88.     The class action allegations in the First Amended Complaint are barred because it fails to state facts sufficient to define an ascertainable class with a community of interest.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

The class action allegations in the First Amended Complaint are barred because any questions of law or fact are not common to the purported putative class.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

89.     The class action allegations the First Amended Complaint are barred because facts unique to each class member predominate over facts common to the class.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

90.     The class action allegations in the First Amended Complaint are barred because Plaintiffs cannot fairly and adequately protect the interests of the purported putative class.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

91.     The class action allegations in the First Amended Complaint are barred because there are not sufficiently numerous individuals within the definition of the class to constitute a proper class action.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

92.     The class action allegations in the First Amended Complaint are barred because representative Plaintiffs' claims are not typical of claims by the entire purported class, and therefore are subject to unique defenses by Flat Rate.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

93.     The class action allegations in the First Amended Complaint is barred because a class action is not superior to other available methods for the fair and efficient adjudication of the purported controversy.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

94.     The RICO claim is barred because the allegations in the First Amended Complaint fail to plead fraud with particularity.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

95.     The RICO claim is barred because the First Amended Complaint fails to plead a scheme to defraud with particularity.

## AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

96.     The RICO claim is barred because the allegations in the First Amended Complaint fail to plead a continuous pattern of criminal activity with particularity.

## AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

97.     The RICO claim is barred because the allegations in the First Amended Complaint fails to plead sufficient facts to distinguish Plaintiffs' claim from that of a commercial dispute.

## AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

98.     Flat Rate reserve the right to supplement the foregoing and raise additional defenses as may appear during the progress of this case to the fullest extent allowed under the controlling applicable law

**WHEREFORE**, Defendants Flat Rate, demand judgment dismissing the First Amended Complaint, together with costs, disbursements, legal fees and such other and further relief as this Court deems just and proper.


Dated: February 19, 2020
          New York, New York


                                        HILL RIVKINS LLP
                                        *Attorneys for Defendants*

                                        By:_____
                                             Teresa H. Dooley
                                        45 Broadway, Suite 1500
                                        New York, NY  10006
                                        (212) 669-0600


TO:     Adam Bauman
          Abbas Shah
          165 Charles Street
          Unit #20
          New York, NY  10014

AFFIDAVIT OF SERVICE

STATE OF NEW YORK                         )
                                          ) ss.:
COUNTY OF NEW YORK                        )

I, Kimberley Crossen, being duly sworn, states as follows:  I am over 18 years of age, not a party

to the within action, and reside at 186-10 Nashville Boulevard, Springfield Gardens, New York

11413.  On February 19, 2020, I served the within **Answer to First Amended Complaint** upon

the person(s) or parties designated below by mailing a true and complete copy of same in a

postage pre-paid envelope, and depositing same in a post office or official depository of the

United States Postal Service within New York State, at the last known address of the

addressee(s) as set forth herein.

TO:    Adam Bauman
       Abbas Shah
       165 Charles Street
       Unit #20
       New York, NY  10014

_Kimberley Crossen_
Kimberley Crossen

Sworn to before me this
19th day of February, 2020

_____
Notary Public

JAMES A. SAVILLE, JR.
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SA6368714
Qualified in Nassau County
My Commission Expires 12-18-2021