Teresa H. Dooley, Esq.
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, New York 10006
*Attorneys For Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABBAS SHAH and ADAM BAUMAN,<br><br>                         Plaintiffs,<br><br>  -against-<br><br>FLAT RATE MOVERS LTD., FLAT RATE ELITE SERVICES, INC. and ELITE MOVING, LLC<br><br>                         Defendants. | Civil Action No.: 1:20-cv-01204-LGS<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants Flat Rate Movers, Ltd., Flat Rate Elite Services, Inc., and Elite Moving, LLC (collectively "Flat Rate"), by and through their attorneys, Hill Rivkins LLP, hereby answer the Second Amended Complaint of Plaintiffs, Adam Bauman and Abbas Shah (collectively "Plaintiffs"), upon information and belief, as follows:

## NATURE OF ACTION

1. Flat Rate defer all questions of law to the Court. To the extent a response is required, Flat Rate admit that Plaintiffs are seeking recovery for alleged damages arising from services provided by Defendant Elite Moving, LLC, but otherwise deny the allegations contained in Paragraph 1 of the Second Amended Complaint.

2. Flat Rate defer all questions of law to the Court. To the extent a response is required, Flat Rate admit that Defendant Elite Moving, LLC was engaged to transport certain personal property from New York, New York to a facility located in Newark, New Jersey and then from that same facility in Newark, New Jersey to New York, New York, but otherwise deny knowledge

or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Second Amended Complaint.

3. Flat Rate deny the allegations contained in Paragraph 3 of the Second Amended Complaint.

**JURISDICTION AND VENUE**

4. Flat Rate defer all questions of law to the Court. To the extent a response is required, Flat Rate admit that Plaintiffs' claim arises under and pursuant to 49 U.S.C. § 14706, otherwise known as the Carmack Amendment, but otherwise deny the allegations contained in Paragraph 4 of the Second Amended Complaint.

5. Flat Rate defer all questions of law to the Court. To the extent a response is required, Flat Rate admit that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint.

6. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Second Amended Complaint.

7. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate admit that Defendant Elite Moving, LLC used interstate roadways between New York and Jew Jersey to transport certain personal property between New York, New York and Newark, New Jersey, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Second Amended Complaint.

**PARTIES**

8. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Second Amended Complaint

9. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate admit that Defendant Flat Rate Movers, Ltd. is a New York corporation with a principal place of business at 27 Bruckner Boulevard 2nd Floor, Bronx, New York 10454, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Second Amended Complaint.

10. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate admit that Defendant Flat Rate Elite Services, Inc. is a New York corporation with a principal place of business at 27 Bruckner Boulevard 2nd Floor, Bronx, New York 10454, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Second Amended Complaint.

11. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate admit that Defendant Elite Moving, LLC is a Delaware limited liability company with a principal place of business at 27 Bruckner Boulevard 2nd Floor, Bronx, New York 10454, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Second Amended Complaint.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

**A.**  **Initial Contact and Agreement Between Plaintiffs and Defendants**

12. Flat Rate defer all questions of law to the Court. To the extent a further response is required, the website speaks for itself, and therefore Flat Rate deny any characterization of it by

Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Second Amended Complaint.

13. Flat Rate defer all questions of law to the Court. To the extent a further response is required, the website speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Second Amended Complaint.

14. Flat Rate defer all questions of law to the Court. To the extent a further response is required, the website speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Second Amended Complaint.

15. Flat Rate admit that on or about September 21, 2018, Laurence Yates for Defendant Elite Moving, LLC conducted an on-site inspection at 205 East 92nd Street, Apt. No. 37A, New York, NY 10128 to prepare an estimate, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Second Amended Complaint.

16. Flat Rate admit that in or about September 2018, an inquiry was made about the transport of certain personal property between New York, New York and Newark, New Jersey, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Second Amended Complaint.

17. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Second Amended Complaint.

18. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Second Amended Complaint.

19. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Second Amended Complaint.

20. Flat Rate admit that the reference number assigned for the move at issue was 957702, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Second Amended Complaint.

21. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Second Amended Complaint.

22. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Second Amended Complaint.

**B.** **Transportation from Manhattan, New York to Newark, New Jersey**

23. Flat Rate admit that on September 29, 2018, Defendant Elite Moving, LLC arrived at 205 East 92nd Street, Apt. No. 37A, New York, NY 10128 to transport certain personal property, but otherwise deny the allegations contained in Paragraph 23 of the Second Amended Complaint.

24. Flat Rate admit that certain personal property was transported from 205 East 92nd Street, Apt. No. 37A, New York, NY 10128 to 99 Evergreen Ave, Newark, NJ 07114, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Second Amended Complaint.

25. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Second Amended Complaint.

26. Flat Rate admit that certain personal property remained at 99 Evergreen Ave, Newark, NJ 07114 from on or about September 29, 2018 to on or about July 5, 2019, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Second Amended Complaint.

### C. Transportation from Newark, New Jersey to Plaintiff's New Apartment in Manhattan, New York

27. Flat Rate admit that Defendant Elite Moving, LLC was contacted to transport certain personal property from 99 Evergreen Ave, Newark, NJ 07114 to 165 Charles Street, Apt. No. 20, New York NY 10014, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Second Amended Complaint.

28. The email is a document that speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Second Amended Complaint.

29. Flat Rate deny any characterization of Flat Rate, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Second Amended Complaint.

30. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Second Amended Complaint.

31. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Second Amended Complaint.

32. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Second Amended Complaint.

33. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Second Amended Complaint.

34. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Second Amended Complaint.

35. Flat Rate admit that a claim was filed by Plaintiffs, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Second Amended Complaint.

36. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Second Amended Complaint.

## CAUSES OF ACTION
## AS AND FOR A FIRST CAUSE OF ACTION

**(Violation of the Carmack Amendment 49 U.S.C. § 14706)**

37. Flat Rate repeat and re-allege each and every response to the allegations contained in Paragraphs 1 through 36 of the Second Amended Complaint as if set forth at length herein.

38. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Second Amended Complaint.

39. Flat Rate deny the allegations contained in Paragraph 39 of the Second Amended Complaint.

40. Flat Rate deny the allegations contained in Paragraph 40 of the Second Amended Complaint.

41. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate admit that the principal place of business is the same, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Second Amended Complaint.

42. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny the allegations contained in Paragraph 42 of the Second Amended Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Violation of 18 U.S.C.A. §§ 1961 as well as 18 U.S.C.A. § 659 Relating to The Racketeer Influenced and Corrupt Organization Act)

43. Flat Rate repeat and re-allege each and every response to the allegations contained in Paragraphs 1 through 42 of the Second Amended Complaint as if set forth at length herein.

44. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Second Amended Complaint.

45. Flat Rate admit that Defendant Elite Moving, LLC transported property between New York and New Jersey, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Second Amended Complaint.

46. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Second Amended Complaint.

47. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Second Amended Complaint.

48. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Second Amended Complaint.

49. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Second Amended Complaint.

50. Flat Rate deny the allegations contained in Paragraph 50 of the Second Amended Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Violation of 15 U.S.C.A. § 1125 of The Lanham Act)

51. Flat Rate repeat and re-allege each and every response to the allegations contained in Paragraphs 1 through 50 of the Second Amended Complaint as if set forth at length herein.

52. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Second Amended Complaint.

53. Flat Rate deny the allegations contained in Paragraph 53 of the Second Amended Complaint.

54. Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Second Amended Complaint.

55. The website speaks for itself, and therefore Flat Rate deny any characterization of it by Plaintiffs. Flat Rate otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Second Amended Complaint.

56. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny the allegations contained in Paragraph 56 of the Second Amended Complaint.

57. Flat Rate deny the allegations contained in Paragraph 57 of the Second Amended Complaint.

58. Flat Rate deny the allegations contained in Paragraph 58 of the Second Amended Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

## (Violation of New York General Business Law §§ 349 and 350)

59. Flat Rate repeat and re-allege each and every response to the allegations contained in Paragraphs 1 through 58 of the Second Amended Complaint as if set forth at length herein.

60. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Second Amended Complaint.

61. Flat Rate deny the allegations contained in Paragraph 61 of the Second Amended Complaint.

62. Flat Rate defer all questions of law to the Court. To the extent a further response is required, Flat Rate deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Second Amended Complaint.

63. Flat Rate deny the allegations contained in Paragraph 63 of the Second Amended Complaint.

64. Flat Rate deny the allegations contained in Paragraph 64 of the Second Amended Complaint.

WHEREFORE, Defendants Flat Rate, demand judgment dismissing the Second Amended Complaint, together with costs, disbursements, legal fees and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Subject to the foregoing denials of liability for the loss and damage alleged by Plaintiffs, and without assuming any burdens of proof, persuasion, or production not otherwise legally

assigned to Flat Rate as to any element of Plaintiffs' claims, Flat Rate assert the following affirmative and other defenses:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

65. Plaintiffs have failed to state a cause of action against Flat Rate upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

66. Plaintiffs are barred from claiming or recovering any relief set forth in the Second Amended Complaint to the extent that Plaintiffs failed to mitigate, minimize or avoid any damages it allegedly suffered. The failure to mitigate is a bar and/or limitation in whole or in part to Plaintiffs' claim, such that the total amount of damages to which plaintiffs are entitled must be barred or reduced.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

67. Plaintiffs' claims are barred, in whole or in part, or limited by the terms and conditions of service agreed upon by the parties and/or the shipping and/or storage documents issued in connection with the goods in question, including but not limited to, any and all bills of lading, letters of instruction, contracts, move plans, warehouse receipts, manifests, delivery orders, tariffs, and invoices.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

68. Any loss or damage allegedly suffered by Plaintiffs, which is specifically denied, was, in whole or in part, caused or exacerbated by the negligence, culpable conduct and/or fault of Plaintiffs and/or other parties, and therefore, Plaintiffs' claim against Flat Rate is barred or diminished or reduced in the proportion to Plaintiffs' and/or other parties' negligence, culpable conduct and/or fault.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

69. Flat Rate performed their contractual obligations, if any, and/or performed their work, if any, in accordance with the agreed upon specifications and/or instructions of Plaintiffs, and exercised reasonable care at all times during the performance of their obligations and/or work.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

70. Plaintiffs claim damage to goods that Flat Rate did not have an opportunity to inspect and/or goods that were not listed on shipping and/or storage documents.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

71. Plaintiffs have failed to present a claim and/or suit within the appropriate time limitations required by the applicable contract(s), warehouse receipts, bills of lading, tariffs, and classifications and the rules set forth therein and/or applicable statute or regulation.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

72. Plaintiffs' claims are limited pursuant to the "Your Move Plan" and bills of lading, which limit Flat Rate's liability to 60 cents per pound per loss/damaged article.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

73. In the event the Court determines any of the loss or damage as alleged by Plaintiffs actually occurred, such loss or damage was not caused by any act, error or omission on the part of Flat Rate or their agents.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

74. Whatever goods that were received by Flat Rate were accepted in accordance with and subject to, *inter alia,* all the terms and conditions of Flat Rate's contracts, warehouse receipts, bills of lading, move plans, tariffs and classifications, and the rules set forth therein. Flat Rate duly performed the terms and conditions on their part to be performed, if any. Flat Rate claim the

benefit of all defenses accorded to them by those documents and by all other applicable contracts under which the goods were accepted.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

75. To the extent that the Carmack Amendment to the Interstate Commerce Act / ICC Termination Act, 49 U.S.C. §14706, preempt any state-law or federal common-law claim for the cargo loss or damage asserted by Plaintiffs, those claim(s) must be dismissed.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

76. Plaintiffs were aware of all decisions and assumed all risks associated with each decision alleged in the Second Amended Complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

77. To the extent Flat Rate performed any of the acts set forth in the Second Amended Complaint, all such acts/conduct were authorized by and/or requested by Plaintiffs.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

78. Plaintiffs' claims are limited pursuant to the bills of lading, which provide that:

> . . .the mover's liability for loss of or damage to any article valued in excess of $100 per pound will be limited to $100 per pound for each pound of such lost or damaged article(s) (based on actual article weight), not to exceed the declared value of the entire shipment, unless I have specifically identified such articles for which a claim for loss or damage may be made on the attached inventory.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

79. This Court is the improper venue for this dispute.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

80. To the extent applicable, Flat Rate is entitled to all rights, defenses, limitations of liability, and immunities contained in any applicable convention, statute, regulation, or law, whether foreign or domestic, that may apply to the claims asserted in the Second Amended

Complaint, including but not limited to the Carmack Amendment to the Interstate Commerce Act / ICC Termination Act, 49 U.S.C. §14706.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

81. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

82. The loss or damage alleged in the Second Amended Complaint, if any, was caused by other persons or entities, whether or not a party, over whom Flat Rate had no control and for whose acts or omissions Flat Rate are not responsible or liable.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim is barred by reason of their own negligent, willful conduct, culpable conduct, acquiescence, recklessness, misrepresentation, consent, approval and ratification.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

83. The loss or damage alleged in the Second Amended Complaint, if any, resulted from a cause arising without the fault and privity of Flat Rate and without the fault or neglect of their agents or servants.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

84. The loss or damage alleged in the Second Amended Complaint, if any, was directly and proximately caused by intervening and superseding causes for which Flat Rate are not responsible or liable.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

85. The loss or damage alleged in the Second Amended Complaint, if any, was caused by an act or default of the shipper and/or the inherent vice or defective nature of the goods in question.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

86. To the extent Plaintiffs seek the recovery of special or consequential damages, they are not recoverable under the terms and conditions of service agreed upon by the parties and/or the shipping and/or storage documents issued in connection with the goods in question, and/or under the controlling applicable law.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

87. To the extent Flat Rate performed the services alleged in the Second Amended Complaint, Flat Rate exercised reasonable care at all times in connection with the goods alleged in the Second Amended Complaint. Flat Rate are not responsible for any loss or damage caused by any cause or event which could not be avoided and the consequence which could not be prevented by the exercise of reasonable diligence.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

88. In the event that Plaintiffs have no, or had no, title to or interest in the goods that are the subject of this action, then Plaintiffs are not the real party in interest herein and are not entitled to maintain this suit.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

89. No act or omission by Flat Rate caused the loss or damage alleged by Plaintiffs, which were otherwise not foreseeable.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

90. The loss or damage alleged in the Second Amended Complaint, if any, was caused by a pre-existing condition and/or other conditions beyond the control of Flat Rate and for which Flat Rate are not responsible or liable.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

91. The Carmack Amendment to the Interstate Commerce Act / ICC Termination Act, 49 U.S.C. §14706, preempts Plaintiffs' claim for Violation of New York General Business Law §§ 349 and 350 and, therefore, must be dismissed.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

92. Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

93. Plaintiffs' claim for Violation of 18 U.S.C.A. §§ 1961 as well as 18 U.S.C.A. § 659 Relating to The Racketeer Influenced and Corrupt Organization Act (the "RICO Claim") is barred because the allegations in the Second Amended Complaint fail to plead the existence of a predicate act with particularity and, therefore, must be dismissed.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

94. The RICO Claim is barred because the allegations in the Second Amended Complaint fail to plead a criminal activity with particularity and, therefore, must be dismissed.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

95. The RICO Claim is barred because the allegations in the Second Amended Complaint fail to plead a racketeering activity with particularity and, therefore, must be dismissed.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

96. The RICO Claim is barred because the allegations in the Second Amended Complaint fail to plead a pattern of criminal activity and, therefore, must be dismissed.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

97. The RICO Claim is barred because the allegations in the Second Amended Complaint fail to plead a pattern of racketeering activity and, therefore, must be dismissed.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

98. The RICO Claim is barred because the allegations in the Second Amended Complaint fails to plead sufficient facts to distinguish Plaintiffs' claim from that of a commercial dispute and, therefore, must be dismissed.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

99. Plaintiffs' claim for Violation of 15 U.S.C.A. § 1125 of The Lanham Act (the "Lanham Act Claim") is barred because the allegations in the Second Amended Complaint fail to plead an injury to a commercial interest in reputation or sales and, therefore, must be dismissed.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

100. The Lanham Act Claim is barred because the allegations in the Second Amended Complaint fail to plead with particularity that the alleged damages were proximately caused by the violation of the this statute and, therefore, must be dismissed.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

101. The Lanham Act Claim is barred because the allegations in the Second Amended Complaint fails to plead sufficient facts to distinguish Plaintiffs' claim from that of a commercial dispute.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

102. Plaintiffs' claim for Violation of New York General Business Law §§ 349 and 350 (the "NYGBL Claim") is barred because the allegations in the Second Amended Complaint fail to plead with particularity the acts or omissions that were consumer oriented and, therefore, must be dismissed.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

103. The NYGBL Claim is barred because the allegations in the Second Amended Complaint fail to plead with particularity the acts or omissions that were misleading in a material respect.

### AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

104. Flat Rate reserve the right to supplement the foregoing and raise additional defenses as may appear during the progress of this case to the fullest extent allowed under the controlling applicable law

**WHEREFORE**, Defendants Flat Rate, demand judgment dismissing the Second Amended Complaint, together with costs, disbursements, legal fees and such other and further relief as this Court deems just and proper.

Dated: July 13, 2020
      New York, New York

                         HILL RIVKINS LLP
                         *Attorneys for Defendants*

                         By: _____
                             Teresa H. Dooley
                         45 Broadway, Suite 1500
                         New York, NY 10006
                         (212) 669-0600

TO:    Daniel M. O'Hara, Esq.
        McLoughlin, O'Hara, Wagner & Kendall LLP
        *Attorneys for Plaintiffs*
        250 Park Avenue, Floor
        New York, New York 10177
        (212) 920-669
        dohara@mowklaw.com

# CERTIFICATION OF MAILING

I, Teresa H. Dooley, Esq.: I am not a party to the action, am attorney for Defendants. On July 13, 2020, I served the within **ANSWER TO SECOND AMENDED COMPLAINT** by Via-Email a true copy thereof, addressed to each of the following persons at the last known address set forth after each name.

TO:     Daniel M. O'Hara, Esq.
           McLoughlin, O'Hara, Wagner & Kendall LLP
           *Attorneys for Plaintiffs*
           250 Park Avenue, Floor
           New York, New York 10177
           (212) 920-669
           dohara@mowklaw.com

                                          /s/ Teresa H. Dooley